# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | No. 3:19cv218 |
| GEORGE MAJOR, | : | |
| Plaintiff | : | |
| | : | FILED |
| v. | : | (Judge Munley) SCRANTON |
| | : | JUN 1 9 2019 |
| SUPERINTENDENT MARK | : | |
| GARMAN, et al., | : | PER _____ |
| Defendants | : | DEPUTY CLERK |

## MEMORANDUM OPINION

### I.   BACKGROUND

George Major, a Pennsylvania state prisoner, filed a 42 U.S.C. § 1983 complaint alleging that several defendants violated his rights in relation to a strip search conducted by CO1 J. Bradley. (Doc. 1). Magistrate Judge Martin C. Carlson conducted an initial screening review of the complaint and recommended that this Court dismiss claims against Superintendent Mark Garman on the ground that Major appeared to rely entirely on the theory of *respondeat superior* to hold Garman liable. (Doc. 5). The Court adopted the Report and Recommendation and dismissed Garman from the action, but permitted Major an opportunity to amend his complaint. (Doc. 7).

Major has now filed an amended complaint. (Doc. 10). In the amended complaint, Major reiterates his claim that Bradley assaulted him during a strip

search and asserts claims against Bradley for a violation of the Eighth Amendment, as well as state law negligence and intentional infliction of emotional distress. (Doc. 10 at 5, 10-11, 13-16). Major further seeks to hold Eric Selfridge, Paul Lechner, and Byerlee accountable under the Eighth Amendment for failure to intervene (*id.* at 9-10), and Garman, Selfridge, Lechner, Morris Houser, and Gerald McMahon liable for Eighth Amendment violations under the theory of r*espondeat superior.* (*Id.* at 16-18; Doc. 11 at 17-20).

## II. DISCUSSION

This Court has an obligation to conduct a preliminary screening of *pro se* complaints filed by plaintiffs who proceed *in forma pauperis*, and must review the complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether Major failed to state a claim, the Court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000) (internal quotation marks omitted). To proceed, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).

After reviewing the amended complaint, the Court concludes that Major fails to state a viable claim against any Defendant with the exception of Bradley. First, although Major again seeks to hold certain Defendants liable on the basis of *respondeat superior*, as discussed by Magistrate Judge Carlson in his Report and Recommendation, *respondeat superior* is inapplicable to claims brought pursuant to 42 U.S.C. § 1983. (*See* Doc. 5 at 7-9). Moreover, to the extent that Major asserts Defendants failed to properly train Bradley, Major fails to identify any deficiencies in the prison's training program or how such deficiencies caused his injuries. *See Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (discussing requirements for claim based on failure to train). Thus, any claims against Garman, Houser, McMahon, Selfridge, and Lechner based solely upon their supervisory capacities will be dismissed.

Additionally, Major fails to state an Eighth Amendment claim based on the failure of Selfridge, Lechner, or Byerlee to intervene in the alleged assault. "Courts have held that a [correctional] officer has a duty to take reasonable steps to protect a victim from another officer's use of excessive force, even if the excessive force is employed by a superior." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). "If a[n] . . . officer, whether

supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." *Id.* (internal quotation marks omitted). "However, an officer is only liable if there is a realistic and reasonable opportunity to intervene." *Id.* at 651.

Major alleges that Selfridge, Lechner, and Byerlee should be held liable for failing to prevent Bradley's assaultive conduct because Major reported the assault to those three Defendants *after the fact* and, "[o]ther than opening up an investigation, no immediate action was taken." Doc. 10 at 9. Major makes no allegation that any of the three Defendants witnessed the assault or were in a position to stop it. Simply being informed of an assault after it occurs and failing to then take certain actions is insufficient to support liability under the Eighth Amendment. In short, the amended complaint contains no allegation that would permit the Court to conclude that Defendants had a realistic opportunity to intervene in the alleged assault.[1]

---

[1]    The Court views Major's allegations as relating solely to a claim that Selfridge, Lechner, and Byerlee are liable based on their failure to stop the assault from occurring. However, to the extent that Major seeks to hold those Defendants liable based on their failure to take certain actions in response to Major's grievance, such a claim likewise fails. *See Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013) (stating "the District Court is correct that an officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement" necessary to support a cause of action under § 1983 (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1207-08 (3d Cir.1988)).

## III.    Conclusion

For the foregoing reasons, Major's claims will be dismissed against all Defendants with the exception of Bradley, and the Court will direct that Bradley be served with the amended complaint.    An appropriate Order follows.

BY THE COURT:

Date: _6/19/19_

s/James M. Munley

**JUDGE JAMES M. MUNLEY**
**United States District Court**