# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE MAJOR,** | No. 3:19-CV-00218 |
| Plaintiff, | (Judge Mannion) |
| v. | |
| **CO J. BRADLEY,** | |
| Defendant. | |

## MEMORANDUM

**BACKGROUND**

Plaintiff George Major initiated this *pro se* civil rights action pursuant to 42 U.S.C. §1983, while confined at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania. (Doc. 1).

Recently, the Court attempted to mail a copy of an order to Plaintiff at his address of record. (*See* Doc. 35). That mailing, however, was returned to sender and marked "return to sender, not deliverable as addressed, unable to forward." (*See* Doc. 36). The Court attempted to resend the order, which was again returned to sender. (*See* Doc. 37).

**DISCUSSION**

A review of the docket reflects that a copy of this Court's Standing Practice Order was mailed to Plaintiff on February 7, 2019. (Doc. 4). The Standing Practice Order provides, in pertinent part:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

(*Id.*). That order further provides that Plaintiff "shall follow the requirements of these rules or suffer the consequences of their failure to do so, including possible dismissal of this action. Unless otherwise ordered by the court, there will be no hearing." *Id.* Middle District of Pennsylvania Local Rule 83.18 similarly provides that a *pro se* litigant has an affirmative obligation to keep the Court informed of his or her address and must immediately inform the Court if his or her address changes during the court of the litigation.

Plaintiff has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18 and the Standing Practice Order, and the Court is unable to communicate with Plaintiff at his address of record. When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of the action is appropriate. *See* Fed. R. Civ. P. 41(b);

2

*Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). Plaintiff has not communicated with the Court since the Court's attempts to communicate with Plaintiff were returned as undeliverable. Plaintiff's failure to provide his current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal. *See Poulis v. State Farm*, 747 F.2d 863, 868-69 (3d Cir. 1984).

**CONCLUSION**

For the foregoing reasons, this Court will dismiss this action for failure to prosecute

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: August 31, 2020**
19-0218-01

3